## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMETRIUS D. MOORE, #0136958,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-01081-JPG |
| | ) | |
| **EAST ST. LOUIS, ILLINOIS,** | ) | |
| **RONALD McCLELLAN,** | ) | |
| **JOHN DOE 1, and** | ) | |
| **JOHN DOE 2**, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Demetrius Moore, a detainee at Randolph County Jail in Chester, Illinois, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. In the Complaint, Plaintiff asserts claims against East St. Louis, Illinois, and three officers for an allegedly unlawful search, seizure, arrest, and detention that occurred on or around June 10, 2019. (Doc. 1, pp. 1-21). Plaintiff requests money damages from the defendants. (*Id.*).

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80, authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Put differently, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. However, Plaintiff did not name the United States as a defendant, and he does not complain about misconduct of federal officials. He should not have brought this action pursuant to the FTCA.

Plaintiff specifically asserts claims against East St. Louis and three state actors for violations of his rights under the Fourth and Fifth Amendments and Illinois state law. He requests money damages. Given this, Plaintiff should have filed this suit pursuant to 42 U.S.C. § 1983.

The Complaint does not survive screening under Section 1915A and shall be dismissed without prejudice. Although the Complaint shall be dismissed for failure to state a claim under the FTCA, Plaintiff will have an opportunity to re-plead his claims in a First Amended Complaint, according to the instructions and deadline set forth in the below disposition.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 7) is **DISMISSED** without prejudice for failure to state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.

**IT IS ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DISMISSED** as unnecessary. The Court will order service of this lawsuit on the defendants, as a matter of course, if the complaint survives preliminary review.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 19, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed

with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 20-cv-01081-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/15/2020**               s/J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **United States District Judge**