IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS D. MOORE, #14653-025,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-1081-JPG |
| | ) |
| **EAST ST. LOUIS ILLINOIS,** *et al,* | ) |
| | ) |
| **Defendants.** | ) |

## ORDER OF DISMISSAL

**GILBERT, District Judge:**

On October 15, 2020, the Court entered an Order directing Plaintiff to provide the Clerk of Court with his prisoner trust fund account statement and certification form completed by the Trust Fund Officer for the period April 1, 2020 through October 13, 2020 within 45 days (*i.e.*, on or before November 30, 2020) (Doc. 6).  He failed to do so and was given an extension to comply by March 11, 2021.  (Doc. 16).  Plaintiff was warned that failure to comply with the Order would result in dismissal of the action, and he was provided with a blank certification form.  (*Id*. at 2).  He was also warned that the First Amended Complaint would not be screened until the matter was resolved.

To date, Plaintiff has failed to provide the necessary prisoner trust fund account information required to determine whether he is entitled to proceed without prepaying fees and costs.  Without a properly completed Motion for Leave to Proceed *in forma pauperis* ("IFP") and certified trust fund statement for the applicable time period, the Court cannot grant IFP status or allow this matter to proceed any further.  Accordingly, this case is **DISMISSED** without prejudice for Plaintiff's failure to comply with an Order of this Court.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

1

This dismissal shall **NOT** count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff's Motion for Leave to Proceed *in forma papueris* (Doc. 2) is **TERMINATED**. His obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's obligation to pay the $400.00 filing fee for this action was incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Accordingly, the agency having custody of Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from his account to the Clerk of Court each time his account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Tallahatchie County Correctional Center *upon entry of this Order*.

**IT IS SO ORDERED.**

**DATED: 3/19/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**